ANDRE BIROTTE, JR.
United States Attorney
SANDRA R. BROWN
Assistant United States Attorney
Chief, Tax Division
DANIEL LAYTON (SBN 240763)
Assistant United States Attorney
Room 7211, Federal Building
300 North Los Angeles Street
Los Angeles, CA 90012
T: (213) 894-6165 F: (213) 894-0115
Daniel.Layton@usdoj.gov
Attorneys for the United States of America

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| D. Sidney Potter<br><br>Plaintiff,<br><br>vs.<br><br>United States of America,<br><br>Defendant. | ) Case No. CV 12-10213 PSG (Ex)<br>)<br>) NOTICE OF MOTION AND MOTION<br>) TO DISMISS UNDER FED. R. CIV. P.<br>) 12(b)(6), IN THE ALTERNATIVE,<br>) 12(b)(1), AND 12 (b)(5),;<br>) SUPPORTING MEMORANDUM OF<br>) POINTS AND AUTHORITIES;<br>) DECLARATIONS IN SUPPORT<br>)<br>) Request for Judicial Notice filed<br>) concurrently herewith<br>)<br>) Hearing:<br>) Judge Philip S. Gutierrez<br>) Date:         April 1, 2013<br>) Time:         1:30 p.m.<br>) Address:     Courtroom 880<br>)                   255 E. Temple St.<br>)                   Los Angeles. CA 90012 |

PLEASE TAKE NOTICE that the United States of America (hereinafter referred to as the "**United States**," "**government**," or "**defendant**"), will and hereby does move to dismiss the Complaint. The hearing on this motion will take place at 1:30 p.m. on April 1, 2013, in the courtroom of the Honorable Philip S. Gutierrez, Courtroom 880, 255 E. Temple Street, Los Angeles, CA 90012. Pursuant to Local Rule 7-9, petitioner must serve and file a response to this motion

1

no later than 21 calendar days before the above-stated hearing date. This motion is supported by the attached memorandum of points and authorities, the pleadings on file with the district court and those filed in the removed state court proceeding, the request for judicial notice filed herewith, and the supporting declarations filed concurrently herewith.

Pursuant to L.R. 7-3, counsel for the United States diligently attempted to confer with plaintiff, who is *pro se*. However, plaintiff was not responsive to the government's multiple requests to confirm a date and time to have the conference.

PLEASE TAKE NOTICE that the United States hereby moves the Court (1) to dismiss for failure to state a claim upon which relief can be granted (Fed. R. Civ. P. 12(b)(6));  (2), in the alternative to dismiss plaintiff's complaint for lack of subject matter jurisdiction (Fed. R. Civ. P. 12(b)(1)); and (3) to dismiss for failure to properly serve the United States (Fed. R. Civ. P. 12(b)(5)).

The United States respectfully requests that Court dismiss the Complaint because (1) the Complaint fails to state a claim on which relief can be granted, (2), in the alternative, Court lacks subject matter jurisdiction over the Complaint, and (3) plaintiff has not properly served the United States.

Respectfully submitted by:

ANDRE BIROTTE, JR., United States Attorney
SANDRA R. BROWN, Assistant U.S. Attorney
Chief, Tax Division

1/28/2013

DANIEL LAYTON, Assistant U.S. Attorney
Attorneys for United States of America

2

## MEMORANDUM OF POINTS AND AUTHORITIES
### IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

The United States of America, by and through its undersigned counsel, hereby submits this memorandum in support of its motion (1) to dismiss plaintiff's Complaint for failure to state a claim upon which relief can be granted (Fed. R. Civ. P. 12(b)(6)); (2) to dismiss for lack of subject matter jurisdiction (Fed. R. Civ. P. 12(b)(1)); and (3) to dismiss for failure to properly serve the United States (Fed. R. Civ. P. 12(b)(5)).

Plaintiff's Complaint fails to state a claim for relief because it fails to allege any facts which support: (1) mutual consent to form a contract, (2) consideration, (3) an offer and acceptance, and (4) actual authority of the government's representative to bind the United States. In the alternative, because plaintiff's allegations are so implausible, attenuated, unsubstantial, and devoid of merit, the complaint should be dismissed for lack of subject matter jurisdiction. Finally, plaintiff has failed to obtain personal jurisdiction over the United States because, despite being put on notice of his failure to serve the United States through the Notice of Removal filed by the government, plaintiff has served neither the Attorney General nor the United States Attorney as required by Fed. R. Civ. P. 4(i).

## I. FACTS

### A. Plaintiff's Complaint

On November 1, 2012, Plaintiff D. Sidney Potter ("**Potter**") filed a claim in the Small Claims Court of the Superior Court of California, County of Los Angeles, naming five individuals—Douglas H. Shulman, Charles J. Brashear, Steven T. Miller, John T. Schooler, and Annette M. Streeter—as defendants. ECF Doc. 1, Exhibit A ("**Complaint**"), p.2, file stamp. (As these were all employees or officers of the IRS acting in their official capacities, the Court ordered the United States of America as the proper party. ECF Doc. 5.) The Complaint appears to be

1

1   a standard Small Claims Court form, in which plaintiff filled-in blanks in response

2   to questions on the form.  See Complaint, generally.  In the Complaint, plaintiff

3   makes the following allegations relevant to the instant motion:

4       (a) Plaintiff named Douglas H. Shulman, Charles J. Brashear, Steven T.

5           Miller, John T. Schooler, and Annette M. Streeter as defendants.

6           Complaint ¶ 2 and attached forms SC-100A.

7       (b) The named defendants owe plaintiff $7,500.00 because "Defendants

8           breached contract to [Plaintiff's] detriment.  Defendants failed to reduce

9           expenses on mortgage housing property services in connection with

10          mortgage property."  Complaint ¶ 3.a.

11      (c) The above-described event took place between June 14, 2011, and

12          October 31, 2012.  Complaint ¶ 3.b.

13      (d) The amount of damages was calculated as "damages from mortgage

14          housing interest costs & expenses because defendants delay in

15          recognizing their negligent review & charges on mortgage property

16          review."  Complaint ¶ 3.c.

17      (e) "This is a claim concerning mortgage property assets in California."

18          Complaint, ¶ 5(e).

19

20  **B.  Facts Surrounding the Filing of Plaintiff's Complaint**

21      All of the defendants Potter individually named in his Complaint are, or

22  were, officers or employees of the Internal Revenue Service: Douglas H. Shulman

23  ("**Shulman**") was the IRS Commissioner from March 24, 2008, until November 9,

24  2012 (Government's Request for Judicial Notice ¶ 1);  Steven T. Miller ("**Miller**"),

25  Deputy Commissioner for Services and Enforcement, has served as Acting

26  Commissioner since Shulman's departure (Government's Request for Judicial

27  Notice ¶ 1);  John T. Schooler ("**Schooler**") is a Supervisory Appeals Officer

28  (Decl. of IRS Supervisory Appeals Officer ¶ 2); Annette M. Streeter ("**Streeter**")

1   is an IRS Appeals Area Director (Decl. of IRS Appeals Area Director ¶ 2); and

2   Charles J. Brashear ("**Brashear**") is an Appeals Officer (Decl. of IRS Appeals

3   Officer ¶ 2).  Neither Schooler nor Streeter had any direct or indirect interaction

4   with Potter, other than receiving a letter from Potter complaining of Brashear's

5   handling of Potter's audit appeal dated November 13, 2012, eleven days after the

6   Complaint was filed.  Decl. of IRS Supervisory Appeals Officer ¶¶ 3-6; Decl. of

7   IRS Appeals Area Director ¶¶ 3-5.  Rather, it was Brashear who interacted with

8   Potter, which was in the course of Brashear's duties as an appeals officer.  Decl. of

9   IRS Appeals Officer (hereinafter "**AO Decl.**") ¶¶ 3-4.

10          Brashear was the appeals officer who was assigned the administrative appeal

11  requested by Potter during the course of the IRS's examination of Potter's 2007

12  through 2009 tax years.  AO Decl. ¶¶ 3-4.  Brashear received the case on August

13  30, 2011.  AO Decl. ¶ 5.  Potter was appealing the IRS auditor's findings on his

14  examination.  AO Decl. ¶ 5.  Brashear held the appeals conference on October 31,

15  2012.  AO Decl. ¶ 6.  At the conclusion of the conference, Brashear informed

16  potter and his representative that Brashear would sustain the auditor's

17  determination based upon the facts of his case.  AO Decl. ¶ 6.  Potter was upset

18  when Brashear informed him that he would need to go to Tax Court if he wanted to

19  contest the determination.  AO Decl. ¶ 6.  Potter wanted the names of Brashear's

20  supervisors and upper management, and Brashear provided Potter the names of

21  John T. Schooler, Annette M. Streeter, and Brashear's immediate supervisor.  AO

22  Decl. ¶ 6.  The following day, Potter filed his Complaint in the Small Claims Court

23  of the Superior Court of California, County of Los Angeles, naming the five IRS

24  employees and officers as defendants.  Complaint, p. 2., date stamp.

25          Following the conference, through standard procedures, Brashear requested

26  the IRS issue a Notice of Deficiency, which is a statutory IRS notice that informs a

27  taxpayer of the determination of the IRS regarding tax years examined and informs

28

3

1   taxpayers of their right to petition the determination to U.S. Tax Court.  AO Decl. ¶
2   6.  Potter was issued a Notice of Deficiency on November 15, 2012.  AO Decl. ¶ 9.

3      **C.  Failure to Properly Serve the Complaint**

4        On July 18, 2012, Potter arranged for service of his pleading upon the five
5   individually-named IRS employees by Certified Mail through the Superior Court.
6   Notice of Lodging of Pleadings in Supplement to Notice of Removal ("**Pleadings**
7   **in Supplement**"), ECF Doc. 9, Exhibit O.  There is no proof of service upon the
8   Attorney General or the United States Attorney for this district filed in either in the
9   Superior Court or this District Court.  <u>See</u> Pleadings in Supplement, ECF Doc. 9,
10  Exhibit A; Entire record in this case.  These defects persist despite the fact that the
11  government notified plaintiff of these defects in the Notice of Removal.  <u>See</u>
12  Notice of Removal, ECF Doc. 1, fn. 2.

**II. LAW AND ANALYSIS**

13

14    **A. The Complaint Fails to State a Claim Upon Which Relief Can Be**
15      **Granted**

16       In evaluating a Rule 12(b)(6) motion, review is "limited to the contents of
17  the complaint." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir.
18  1994).  However, exhibits attached to the complaint, as well as matters of public
19  record, may be considered in determining whether dismissal was proper without
20  converting the motion to one for summary judgment.  <u>*See Parks School of*</u>
21  *Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995); *Mack v. South*
22  *Bay Beer Distributors, Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  Thus, with
23  respect to this Rule 12(b)(6) motion, the United States relies only upon the relevant
24  facts pertaining to the Complaint set forth in section I.A., above, pertaining to the
25  Complaint itself and matters of public record, and not upon the facts set forth in
26  subsection B and C of section I, upon which the United States relies for its request
27  for dismissal under Rule 12(b)(1) & (5) only.

28

According to the Supreme Court in *Bell Atlantic Corp. v. Twombly*, a complaint must state "enough facts to state a claim to relief that is plausible on its face." 550 U.S. 544, 570, 127 S. Ct. 1955 (2007). In *Ashcroft v. Iqbal*, the Supreme Court clarified that a claim has "facial plausibility" if the plaintiff pleads facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the conduct alleged." 556 U.S. 662, 678, 129 S. Ct. 1937 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Then, assuming the veracity of well-pleaded allegations, the court must determine whether the complaint states a plausible claim for relief. *Id.*

Here, plaintiff's Complaint alleges a "breached contract." Generally, the Tucker Act provides the United States District Courts and the Federal Court of Federal Claims with original jurisdiction "claims against the United States, not exceeding $10,000 in amount, founded upon any Act of Congress, regulation of an executive department, or any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1346(a)(2). For claims based simply on contracts, federal common law of contracts is the source of substantive law. *Seaboard Lumber Co. v. United States*, 15 Cl. Ct. 366 (1988), aff'd, 903 F.2d 1560 (Fed. Cir. 1990). The elements of a contract, whether implied-in-fact or express, are: mutuality of intent, consideration, lack of ambiguity in offer, and acceptance. *Auto Club Ins. Ass'n v. United States*, 103 Fed. Cl. 268, 273 (Fed. Cl. 2012); *see also Baltimore & Ohio R.R. Co. v. United States*, 261 U.S. 592, 597-598, 43 S. Ct. 425 (1923). When the United States is a party, plaintiff must also allege the additional requirement that the "government representative who entered or ratified the agreement had actual authority to bind the United States." *Auto Club Ins. Ass'n*, 103 Fed. Cl. at 273; *Trauma Serv. Grop. v. United States*, 104 F.3d 1321, 1325 (Fed. Cir. 1997).

5

Here, plaintiff's Complaint is devoid of any factual allegations going to the elements of a contract with the United States.   Rather, plaintiff's claim consists of little more than the conclusory allegation, "Defendants breached contract to my detriment," followed by vague, puzzling references to services or expenses for mortgage property.   This is insufficient to make plaintiff's claim for relief plausible on its face, as required to state a proper claim under *Iqbal* and *Twombly*.   Thus, because the Complaint fails to state a claim upon which relief can be granted, this case should be dismissed under Fed. R. Civ. P 12(b)(6).

**B.  In the Alternative, Plaintiff's Complaint Should be Dismissed for Lack of Subject Matter Jurisdiction**

As a general matter, the jurisdiction of the Federal court and the waiver of sovereign immunity for suits against the United States under the Tucker Act is invoked by alleging that a contract arose between a plaintiff and the United States and, once that is done, the normal disposition would be to dismiss the case under Rule 12(b)(6) if it is found that no contract existed as a matter of law.   *Lewis v. United States*, 70 F.3d 597, 603 (Fed. Cir. 1995).   However, even where a defendant is *pro se*, a well-recognized exception to this general practice is that a "district court may, at any time… dismiss a complaint for lack of subject matter jurisdiction pursuant to *Rule 12(b)(1) of the Federal Rules of Civil Procedure* when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit or no longer open to discussion." *Allen v. Comm'r*, 2009 U.S. Dist. LEXIS 126234 *2-3, 105 A.F.T.R.2d (RIA) 908 (N.D. Ohio, 2009) (quoting *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999)).   *See also Bell v. Hood*, 327 U.S. 687, 682-683, 66 S. Ct. 773 (1946) (courts must entertain suits under statutes of United states except where claim is "immaterial and made solely for the purpose of obtaining jurisdiction" or is "wholly insubstantial and frivolous").   However, this exception should be confined to cases "that are very plain." *Lewis*, 70 F.3d at 603-604 (quoting *Hart v. B.F. Keith Vaudeville Exch.*,

6

262 U.S. 271, 274, 43 S. Ct. 540 (1923). Furthermore, Rule 12(b)(6) is a more preferable method for dismissal because it has the added benefit of being on the merits and subject to *res judicata*. *Lewis*, 70 F.3d at 603.

In the instant case, the facts set forth in the declarations of the IRS employees, and Potter's letter attached thereto, tend to show that plaintiff's Complaint filed in small claims court was not a *bona fide* attempt to resolve a contract dispute. Rather, plaintiff, upset with the outcome of his IRS administrative appeal, appears to have filed the complaint as a form of retaliation. This is further supported by the Complaint itself: Plaintiff's Complaint is not only devoid of any allegations of fact which would support a contract, but is also deceptively devoid of any allegation fact which would have alerted a judge in small claims court as to the circumstances underlying the claim – e.g., that the named-individuals worked for, or were high-ranking officials, of the IRS and that Potter was being audited – which deprive the state court of jurisdiction. Without knowing these basic, central facts, the complaint simply appears to be a dispute between individuals not unlike other cases brought in small claims court. Thus, it can be inferred that the complaint's allegations are not just implausible, unsubstantial, and devoid of merit, but were made for two ulterior purposes: to survive superficial scrutiny by the small claims court and, as a result, cause undue stress and hardship to government employees by requiring the individual defendants to appear in small claims court. For this reason, plaintiff's Complaint can be properly dismissed for lack of the subject matter jurisdiction and for failing to obtain a waiver of sovereign immunity against the United States.

## C. Plaintiff Has Not Properly Served the United States

Personal jurisdiction is not waived by removal of an action to district court. Usatorres v. Marina Mercante Nicaraguense, S.A., 768 F.2d 1285, 1286-1287 (11th Cir. 1985) ("Rule 12 provides that a personal jurisdiction defense is waived only if omitted from a Rule 12 motion or from a responsive pleading."). Under 28 U.S.C.

7

1    § 1448, where service of process has not been perfected prior to removal or process

2    served was defective, it may be completed or new process issued in the same

3    manner as in cases originally filed in district court.   To serve the United States,

4    plaintiff must (1) serve the United States Attorney for the district where the action

5    is brought, (2) serve the Attorney General by registered or certified mail, and (3)

6    serve the agency that issued the order plaintiff is challenging by registered or

7    certified mail.  Here, it does not appear that plaintiff has served the Attorney

8    General or the United States Attorney.  Because he has not yet served the United

9    States Attorney for this district and the Attorney General, the complaint must be

10   dismissed for lack of personal jurisdiction if the defect in service is not cured after

11   being given a reasonable time by the Court.[1]  In this case, however, because the

12   order issued by the state court was issued without jurisdiction over the United

13   States, plaintiff should be required to obtain a Summons issued by the Clerk of the

14   District Court.[2]

15   _____

16   [1] Fed. R. Civ. P. 4(i)(4)(A).

17   [2] As stated in the Notice of Removal, service was also improper under the rules for
     the Small Claims Court upon the individual defendants, with the exception of John
18   T. Schooler, who signed for and received the Claim sent by certified mail on
19   November 8, 2012.  See Decl. of IRS Appeals Area Director ¶ 4; AO Decl. ¶ 8;
     Pleadings in Supplement, ECF Doc. 9, Exhibits C, D, F, G, & H.  Under Cal. CCP
20   § 116.340, service through the Small Claims Court's certified mail procedure is
21   only valid for in-state individuals, with limited exceptions including where the
     defendant is the owner of record for real property in California, and is only
22   effective if those individuals sign the certified mail receipt. Only the certified mail
23   receipt for Schooler shows his signature. Pleadings in Supplement, Exhibit F.  The
     Certified Mail receipts for Shulman and Miller show out of state, Washington,
24   D.C, addresses.  Pleadings in Supplement, Exhibits C & D.  Although, in ¶ 5 of the
25   small claims form, regarding the reason the claim is filed in the small claims court,
26   plaintiff alleged "this is a claim concerning mortgage property in California," the
     allegation appears to be no more than a tenuous one, for the sole purpose of
27   creating the appearance of possible jurisdiction, as noted above in section II.B.

28

8

### III. CONCLUSION

The United States respectfully requests that Court dismiss the Complaint because (1) the Complaint fails to state a claim on which relief can be granted, (2), in the alternative, the Court lacks subject matter jurisdiction over the Complaint, and (3) plaintiff has not properly served the United States.

Respectfully submitted by:

ANDRE BIROTTE, JR.
United States Attorney
SANDRA R. BROWN
Assistant United States Attorney
Chief, Tax Division

1/28/2013

DANIEL LAYTON
Assistant United States Attorney
Attorneys for the United States of America

9

1
                   **Declaration of IRS Appeals Area Director**

2
I, Annette M. Streeter, pursuant to 28 U.S.C. § 1746(2), declare as follows:

3
     1.     My named as used and signed in this declaration is not a pseudonym.

4
     2.     I am and at all times mentioned herein as an employee and Appeals

5
Area Director of the Internal Revenue Service of the United States Department of

6
the Treasury.

7
     3.     Charles Brashear is an Appeals Officer in my Area. Although

8
providing leadership for my Area's Appeals activities is among my duties as

9
Appeals Area Director, I am not the direct supervisor for Charles Brashear and had

10
no direct involvement in D. Sidney Potter's administrative appeal.

11
     4.     I received notice of D. Sidney Potter's small claims case at number

12
12M10353 through the mail received at my office. I did not directly receive the

13
mail from the postal carrier and did not sign any receipt for the claim. I was not

14
otherwise served with the claim by Potter.

15
     5.     Attached hereto as Exhibit A is a true and correct copy of a letter I

16
received in the mail from Potter on or about November 15, 2012. Other than

17
receiving this letter, I have not had any direct interaction with Potter.

18

19
     I declare under penalty of perjury that the foregoing is true and correct.

20

21
Executed on _January 28, 2013_

22
in the State of Arizona.
                          Annette M. Streeter

23
                          Appeals Area Director
                          Internal Revenue Service

24

25

26

27

28

## Declaration of IRS Appeals Officer

I, Charles J. Brashear, pursuant to 28 U.S.C. § 1746(2), declare as follows:

1.     My name as used and signed in this declaration is not a pseudonym.

2.     I am and at all times mentioned herein was an employee and Appeals Officer of the Internal Revenue Service of the United States Department of the Treasury.

3.     Among my duties an IRS Appeals Officer, I have the responsibility for arriving at the final disposition of the work unit from the Government's perspective and to approve the final settlement in accordance with delegated authority;  conduct Appeals conferences for the settlement of tax cases in which taxpayers have appealed determinations made by the Service or have filed petitions with the U.S. Tax Court for redetermination of tax liability; research case issues to determine and apply the law to the facts presented; and, where issues are unclear or where a clear precedent is lacking, determine the appropriate resolution based upon relevant factors including reasonableness, adjudication trends and settlement practices.

4.     My only interactions with D. Sidney Potter ("Potter") were in relation to my duties as an IRS Appeals Officer as described above, as the Appeals Officer assigned the administrative appeal requested by D. Sidney Potter during the course of the IRS's examination of his 2007 through 2009 tax years.

5.     I received the case on August 30, 2011.  Potter was appealing the IRS auditor's findings on his examination.   If those finding were sustained, the IRS's proposed deficiencies in income tax for Potter's 2007 and 2009 tax years would be $5,689 and $2,834, respectively (plus penalties and interest on each respective amount).

6.     I held the Appeals conference on October 31, 2012.  At the conclusion of the conference, I informed Potter and his representative that I would sustain the auditor's determination based upon the facts of his case.

1

Potter was upset when I informed him he would need to go to tax court if he wants to contest the determination.   Potter wanted the names of my supervisors and upper management. I provided him the names of John T. Schooler, the lead manager in the Glendale Appeals Office, Annette Streeter, Appeals Area Director, Riverside, CA and my immediate supervisor Keith Matsuda, Los Angeles Appeals.

7.      Following the conference, through standard procedures, I requested the IRS issue a Notice of Deficiency, which is a statutory IRS notice that informs a taxpayer of the determination of the IRS regarding tax years examined and informs taxpayers of their right to petition the determination to U.S. Tax Court.

8.      I first learned of the small claims case Potter filed at case number 12M10353, naming me and other IRS employees as defendants, on November 8, 2012, when a copy of the claim sent to my office by mail was provided to me by John Schooler at a meeting.   I was not served a copy of the claim by Potter or his agent, nor did I personally accept receipt of the claim by mail.

9.      As part of my duties, I retrieve and review records from the IRS's computer database.  The pertinent IRS computer record shows that Potter was issued a Notice of Deficiency on November 15, 2012.


I declare under penalty of perjury that the foregoing is true and correct.


Executed on  January 18, 2013
in the State of California.

Charles J. Brashear
Appeals Officer
Internal Revenue Service

2

# EXHIBIT A

November 13, 2012


Ms. Annette Streeter
IRS Appeals Office
6377 Riverside Avenue # 110
Riverside, CA 92506


**Re: IRS Harassment (Charles Brashear, Keith Masuda, tax appeal officers)**
Tax Periods: 12/2007, 12/2008, 12/2009


Ms. Annette Streeter:

The letters from IRS tax appeal officer Charles Brashear on 8/30/2011, and 9/21/2012, requested that expense documents presented at the initial audit examinations on 3/15/2011, 4/19/2011 and 6/20/2011 be re-presented during for the tax appeal hearing.  The tax appeal hearing occurred on 10/31/2012 in Glendale, CA.  The scope of the audit was to re-present expense documentation (1098's) for tax year 2007.  Without this expense documentation, the total tax liability for 2007 was approximately $5,600. For tax year 2008, all issues were cleared during the audit on 6/21/2011.  As a result, no taxes were owed for tax year 2008.  For tax year 2009, expense documentation was required for approximately $2,000, wherein Mr. Potter was prepared to provide. Without this expense documentation, the total tax liability for 2009 was approximately $2,800.

It should be noted, that none of the two after mentioned letters from Brashear sent to H&R Block, and/or verbally with Mr. Potter's H&R Block representative specified that Schedule C and Schedule E were to be amended for tax year 2007.  If that request had been made, the H&R Block representative and/or Mr. Potter would have prepared them for the tax appeal hearing.  **It is a highly unusual occurrence, and an extreme irregularity during an actual tax appeal hearing, that never before requested information should have been prepared for the appeal.**  Irregularities like that are a direct breach of the tax appeal guidelines. To repeat, a situation wherein the taxpayer was told to bring all material presented in the previous audits, and then to be told differently at the actual hearing that he should have known to produce documentation that was not previously requested, is not normal.  In fact, one of the last letters sent to H&R Block from Brashear stated "...Our meeting will be informal."

In addition, to demand on the spot amended returns not only for 2007, but also for 2006 and 2005, is even more unusual.  On the evening of 10/31/2012, I made a telephonic request to Brashear and his supervisor, Keith Masuda, to produce any such IRS requests they may have been made requesting amended returns to be presented at the 10/31/2012 hearing.  Neither individual has since responded with said documentation.

Even more bizarre and more specifically, during the 10/31/2012 appeal hearing, Brashear, not only verbally demanded information not previously requested – which incidentally could have been done if requested, but added that tax years 2006 and 2005, and perhaps additionally information for other tax years would be a good idea as well?  This caused a great deal of concern and confusion for Mr. Potter

and his HR Block representative. Mr. Potter throughout the nearly two-year audit process has been compliment with all IRS requests. In fact, when Brashear made a request 9 months ago seeking an IRS extension per the enclosed letters dated 4/25/2012 and 5/21/2012, respectively, to post-phone the audit as a result of a work overload, Mr. Potter signed the extension.

In closing, all information requested can be produced and would have been produced for the 10/31/2012 hearing had it been requested. However, it _never_ was. The consequence to Mr. Potter is that he has been deprived of his access to due process. Every taxpayer is entitled to federal due process by law during a tax appeal. Consequently, by the tax appeal officer conducting himself in a volatile and temperamental fashion, and churning out document requests for amended tax returns for several years beyond the scope of the initial audit; literally, and on the spot, circumvents the proscribed remedies that Mr. Potter is entitled to by federal law, and as outlined in the IRS pamphlet for tax appeal hearings. The sense of confidence Mr. Potter has in a fair and unbiased adjudication of these outstanding tax issues has been eroded substantially.

People often wonder why anyone would fly an airplane into an IRS building. It is the conduct of Brashear and his supervisor, Masuda, that make otherwise law abiding taxpayers who wish to cooperate with government entities, into individuals that have devolved their respect for large institutions. Your interdiction into the misconduct of these two abhorrent IRS employees is kindly sought. And even more importantly, designating a professional within the IRS appeal division who will review information at a professionally conducted tax appeal hearing. Brashear's behavior was so brazen, that he saw fit to chew bubble gum throughout the tax appeal hearing in full view, in front of Mr. Potter and his H&R Block representative.

Sincerely and Respectively,


_____                                    _____
D. Sidney Potter                                                Date
(SS# ~~████████~~) ~ Redacted
(818) 298-4388              FRC P S.2

## **Declaration of IRS Supervisory Appeals Officer**

I, John T. Schooler, pursuant to 28 U.S.C. § 1746(2), declare as follows:

1.     My name as used and signed in this declaration is my legal name.

2.     I am and at all times mentioned herein was an employee and Supervisory Appeals Officer of the Internal Revenue Service of the United States Department of the Treasury.

3.     I work for the IRS in the following capacity: I manage remotely six (6) Appeals Officers located throughout the U.S. who specialize in estate, gift, and generation tax controversies.  Presently, none of my employees are located at the Glendale Appeals Office.  As the only full-time manager located at the Glendale Appeals Office, I am the Lead Appeals Team Manager with responsibilities to maintain the general operations of the office.  I have no direct managerial responsibilities over Appeals Officers, Settlement Officers, and other Appeals technical employees who work in this office, including Charles Brashear.

4.     I received D. Sidney Potter's ("Potter") claim at case number 12M10353 by U.S. mail on November 8, 2012.  I was not otherwise served with the claim by Potter.

5.     On or about November 15, 2012, I received a copy of the letter attached hereto as Exhibit B.

6.     Other than as stated in this declaration, I had no direct or indirect involvement with Potter.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___1/22/13___,     _John T. Schooler_
in the State of California.             John T. Schooler
                                                    Supervisory Appeals Officer
                                                    Internal Revenue Service

1

# EXHIBIT B

November 13, 2012

Ms. Annette Streeter
IRS Appeals Office
6377 Riverside Avenue # 110
Riverside, CA 92506

**Re:  IRS Harassment (Charles Brashear, Keith Masuda, tax appeal officers)**
Tax Periods: 12/2007, 12/2008, 12/2009

Ms. Annette Streeter:

The letters from IRS tax appeal officer Charles Brashear on 8/30/2011, and 9/21/2012, requested that expense documents presented at the initial audit examinations on 3/15/2011, 4/19/2011 and 6/20/2011 be re-presented during for the tax appeal hearing.  The tax appeal hearing occurred on 10/31/2012 in Glendale, CA.  The scope of the audit was to re-present expense documentation (1098's) for tax year 2007.  Without this expense documentation, the total tax liability for 2007 was approximately $5,600. For tax year 2008, all issues were cleared during the audit on 6/21/2011.  As a result, no taxes were owed for tax year 2008.  For tax year 2009, expense documentation was required for approximately $2,000, wherein Mr. Potter was prepared to provide. Without this expense documentation, the total tax liability for 2009 was approximately $2,800.

It should be noted, that none of the two after mentioned letters from Brashear sent to H&R Block, and/or verbally with Mr. Potter's H&R Block representative specified that Schedule C and Schedule E were to be amended for tax year 2007.  If that request had been made, the H&R Block representative and/or Mr. Potter would have prepared them for the tax appeal hearing.  **It is a highly unusual occurrence, and an extreme irregularity during an actual tax appeal hearing, that never before requested information should have been prepared for the appeal.**  Irregularities like that are a direct breach of the tax appeal guidelines. To repeat, a situation wherein the taxpayer was told to bring all material presented in the previous audits, and then to be told differently at the actual hearing that he should have known to produce documentation that was not previously requested, is not normal.  In fact, one of the last letters sent to H&R Block from Brashear stated "...Our meeting will be informal."

In addition, to demand on the spot amended returns not only for 2007, but also for 2006 and 2005, is even more unusual.  On the evening of 10/31/2012, I made a telephonic request to Brashear and his supervisor, Keith Masuda, to produce any such IRS requests they may have been made requesting amended returns to be presented at the 10/31/2012 hearing.  Neither individual has since responded with said documentation.

Even more bizarre and more specifically, during the 10/31/2012 appeal hearing, Brashear, not only verbally demanded information not previously requested – which incidentally could have been done if requested, but added that tax years 2006 and 2005, and perhaps additionally information for other tax years would be a good idea as well?  This caused a great deal of concern and confusion for Mr. Potter

and his HR Block representative.  Mr. Potter throughout the nearly two-year audit process has been compliment with all IRS requests.  In fact, when Brashear made a request 9 months ago seeking an IRS extension per the enclosed letters dated 4/25/2012 and 5/21/2012, respectively, to post-phone the audit as a result of a work overload, Mr. Potter signed the extension.

In closing, all information requested can be produced and would have been produced for the 10/31/2012 hearing had it been requested.  However, it never was.  The consequence to Mr. Potter is that he has been deprived of his access to due process.  Every taxpayer is entitled to federal due process by law during a tax appeal.  Consequently, by the tax appeal officer conducting himself in a volatile and temperamental fashion, and churning out document requests for amended tax returns for several years beyond the scope of the initial audit; literally, and on the spot, circumvents the proscribed remedies that Mr. Potter is entitled to by federal law, and as outlined in the IRS pamphlet for tax appeal hearings.  The sense of confidence Mr. Potter has in a fair and unbiased adjudication of these outstanding tax issues has been eroded substantially.

People often wonder why anyone would fly an airplane into an IRS building.  It is the conduct of Brashear and his supervisor, Masuda, that make otherwise law abiding taxpayers who wish to cooperate with government entities, into individuals that have devolved their respect for large institutions.  Your interdiction into the misconduct of these two abhorrent IRS employees is kindly sought.  And even more importantly, designating a professional within the IRS appeal division who will review information at a professionally conducted tax appeal hearing.  Brashear's behavior was so brazen, that he saw fit to chew bubble gum throughout the tax appeal hearing in full view, in front of Mr. Potter and his H&R Block representative.

Sincerely and Respectively,


D. Sidney Potter
(SSH█████████) – Redacted FRCP S.2                      Date
(818) 298-4388

## PROOF OF SERVICE BY MAILING

I am over the age of 18 and not a party to the within action.  I am employed by the Office of the United States Attorney, Central District of California.  My business address is 300 North Los Angeles Street, Suite 7211, Los Angeles, California 90012.

On **January 28, 2013**, I served
Notice of Motion and Motion to Dismiss Under Fed.R.Civ.P.12(b)(6), in the Alternative, 12(b)(1), and 12(b)(5); Supporting Memorandum of Points and Authorities; Declaration in Support
on the person and entity name below by enclosing a copy in an envelope addressed as shown below and placing the envelope for collection and mailing on the date and at the place shown below following our ordinary office practices.  I am readily familiar with the practice of this office for collection and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

SEE ATTACHED.

Date of mailing:  **January 28, 2013.**

Place of mailing: Los Angeles, California

I declare under penalty of perjury under the laws of the United States of America that the foregoing if true and correct.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on: **January 28, 2013,** Los Angeles, California.

**MARIA LUISA Q. BULLARD**

D. SIDNEY POTTER V.  UNITED STATES OF AMERICA
CASE NO.:    CV 12-1021 PSG(Ex)


SERVICE LIST


D. Sidney Potter
P.O. Box 287
Pasadena, CA 91102