```
D. Sidney Potter
P.O. Box 287
Pasadena, CA 91101
(818)298-4388

Plaintiff In Pro Se
```

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| D. Sidney Potter,<br><br>    Plaintiff,<br><br>vs.<br><br>United States of America,<br><br>    Defendant. | Case No.: CV 12-10213 PSG (Ex)<br><br>**OPPOSITION TO NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF D. SIDNEY POTTER IN SUPPORT THEREOF**<br><br>Date:    April 1, 2013<br>Time:    1:30 p.m.<br>Address: Courtroom 880<br>         255 E. Temple Street<br>         Los Angeles, CA 90012 |

Plaintiff, D. SIDNEY POTTER, ("Plaintiff") hereby opposes the motion to dismiss of Defendant, UNITED STATES OF AMERICA, ("Defendant") as captioned above on the following grounds:

1.    The Court ordered that Defendant prepare and file an answer or respond to Plaintiff's complaint within 60 days from December 4, 2012, which was due February 4, 2013. **A motion to dismiss is not an answer or response to Plaintiff's complaint as ordered by this court**;

2.    Defendant failed to file its motion to dismiss simultaneously with its motion for removal action, and therefore in violation of this Court's order of December 4, 2012, and

Defendant's motion to dismiss should be automatically denied by this Court and judgment held for the Plaintiff in the state court action;

    3.    This Court cannot order a dismissal of Plaintiff's case based on Defendant's allegation that Plaintiff's complaint: 1) failed to state a claim for relief; 2) lacked of subject matter jurisdiction; and 3) failure to properly serve Defendant, because this Court lacks the jurisdiction to do so as a motion to dismiss is not an answer or response to Plaintiff's complaint as ordered by this court; and

    4.    The amount in controversy is less than $75,000.00 as all Plaintiff desires to do in this action is to recover the $7,500.00 that is owed to him by the Defendants previously named in his properly filed and served Small Claims action, Los Angeles County Superior Court Case Number 12M10353.

Based upon the above, and all records and documentary evidence in the court's file previously submitted in this case, Defendant's motion to dismiss should be denied in its entirety and this case remanded back to Superior Court as requested in Plaintiff's Motion To Remand to be filed post haste.

March 8, 2013                            By: _____
                                                 D. Sidney Potter
                                                 Plaintiff in Pro Se

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. BRIEF STATEMENT OF FACTS:

Plaintiff filed his complaint on November 1, 2012, in the Small Claims Division of the Los Angeles Superior Court, Case No. 12M10353 ("state court action") which hearing on the matter was set for December 13, 2012 at 5:30 p.m. in Department 070 of the Los Angeles Superior Court located at 110 N. Grand Avenue, Los Angeles, CA 90012.

Subsequent to the filing of his complaint, Plaintiff properly served all five named Defendants in the state court action by way of certified mail, return receipts requested to addresses outside of California and as provided for by law.

On November 29, 2012, Defendants filed a Notice of Removal of the state court action to District Court, Case No. CV12-10213 (District Court Action) and was ordered by this court on December 4, 2012, to substitute in and ordered to answer or respond to the complaint on or before February 4, 2013. The Court ordered that Defendant to prepare and file an answer or respond to Plaintiff's complaint within 60 days from December 4, 2012, which was due February 4, 2013.

### II. DEFENDANT IS IN VIOLATION OF THIS COURT'S ORDER TO FILE AN ANSWER OR RESPOND TO COMPLAINT

A motion to dismiss is not an answer or response to Plaintiff's complaint as ordered by this court. Defendant failed to file its motion to dismiss simultaneously with its motion for removal action, and therefore in violation of this Court's order of December 4, 2012, and Defendant's motion to dismiss should be automatically denied by this Court and judgment held for the Plaintiff in the state court action.

The claim to be granted has been acknowledged by the IRS in their *Application For Order To Substitute Untied States of America For All Individual Party Defendant, To Correct Caption, and To Extend Time To Respond To Complaint; [Proposed] Order Lodged Concurrently Herewith*, dated November 28, 2012.

Just prior to this February 4, 2013 deadline, Defendant filed a motion to dismiss, which motion does not qualify as an answer or response to the complaint and therefore, this case should

be remanded back to the state court and judgment on the pleadings be had in favor of Plaintiff.

## II. PLAINTIFF'S CLAIM FOR RELIEF IS MERITORIOUS FOLLOWING AN APPEAL PROCESS AFFORDED BY THE INTERNAL REVENUE SERVICE

The relief being the full payment of the approximately $7,500 in back taxes that the IRS has impeded the nullification of by way of obstructing its own administrative appeal process that consumers are entitled to as mandated by IRS code.

As set forth in Defendant's notice of removal, page 3, line 24:

"The day after the appeals hearing, November 1, 2012, Potter filed his Claim in the Small Claims Court of the Superior Court of California for $7,500, an amount only a few hundred dollars less than the total of the income tax deficiencies for Potter's 2007 and 2009 tax years, asserting, "CA MORTGAGE PROPERTY: DEFENDANTS BREACHED CONTRACT TO MY DETRIMENT. DEFENDANTS FAILED TO REDUCE EXPENSES ON MORTGAGE HOUSING PROPERTY SERVICES IN CONNECTION WITH MORTGAGE PROPERTY."

Claim 3. Although the allegation of a breached contract is without merit, the Claim's reference to mortgage property corresponds with the subject matter of Potter's tax audit and administrative appeal. Thus, it is clear that plaintiffs' Claim was filed for the purpose of impeding or offsetting the IRS's audit determination under a "breach of contract" theory."

The above statement from the IRS lawyer, Daniel Layton, expresses Plaintiff's claim, which was stated in the state court action that was properly filed and served by constructive notice to the five IRS employee defendants and therefore this motion should be denied and this case remanded back to state court.

## III. THIS COURT LACKS SUBJECT MATTER JURISDICTION AS THE AMOUNT IN CONTROVERSY IS LESS THAN $75,000 AND SHOULD BE REMANDED BACK TO STATE COURT

The amount in controversy is less than $75,000.00 as all Plaintiff desires to do in this action is to recover the $7,500.00 that is owed to him by the Defendants previously named in his properly filed and served Small Claims action, Los Angeles County Superior Court Case Number 12M10353.

Therefore, this case should be remanded back to the state court action where the amount in controversy is only $7,500.00 and the proper venue for this action.

### IV. PLAINTIFF HAS PROPERLY EFFECTUATED SERVICE ON ALL NAMED DEFENDANTS IN THE STATE COURT ACTION

Subsequent to the filing of his complaint, Plaintiff properly served all five named Defendants in the state court action by way of certified mail, return receipts requested to addresses outside of California and as provided for by law.

California Code of Civil Procedure Section 415.40 provides:

"A summons may be served on a person outside this state in any manner provided by this article or by sending a copy of the summons and of the complaint to the person to be served by first-class mail, postage prepaid, requiring a return receipt. Service of a summons by this form of mail is deemed complete on the 10th day after such mailing."

Further, Defendants filed their Notice of Removal action on November 29, 2012, a time shortly after proper service was effectuated on all five named Defendants, which notice of removal is acknowledgment of actual service of Plaintiff's complaint.

Therefore, Defendant's motion to dismiss based on Plaintiff's failure to properly serve Defendant, is without merit and therefore this motion should be denied and remanded back to state court.

### V. PLAINTIFF MADE PRUDENT EFFORTS TO RESOLVE THIS MATTER WITH DEFENDANTS' ATTORNEY THROUGHOUT LITIGATION OF THIS MATTER

Plaintiff made continued efforts to communicate with Defendant's attorney. Between December 30, 2012 and January 17, 2013, the Plaintiff made no less than 4 phones calls and 5 emails to defendant lawyer. Two voicemails were left when defendant lawyer did not respond to phone calls. Attached hereto and incorporated by reference are true and correct copies of the above described communication between Plaintiff and Defendant's attorney, as Exhibit A.

### VI. CONCLUSION

This Court cannot order a dismissal of Plaintiff's case based on Defendant's

allegation that Plaintiff's complaint: 1) failed to state a claim for relief; 2) lacked of subject matter jurisdiction; and 3) failure to properly serve Defendant, because this Court lacks the jurisdiction to do so as a motion to dismiss is not an answer or response to Plaintiff's complaint as ordered by this court and Defendants were properly served as set forth above.

Additionally, The amount in controversy is less than $75,000.00 as all Plaintiff desires to do in this action is to recover the $7,500.00 that is owed to him by the Defendants previously named in his properly filed and served Small Claims action, Los Angeles County Superior Court Case Number 12M10353.

Based upon the above, and all records and documentary evidence in the court's file previously submitted in this case, Defendant's motion to dismiss should be denied in its entirety and with this case remanded back to Superior Court as requested in Plaintiff's Motion To Remand to be filed post haste.

March 8, 2013                           By: _____
                                        D. Sidney Potter
                                        Plaintiff in Pro Se

Declaration of D. Sidney Potter

I, D. Sidney Potter, declare:

1. That I am the Plaintiff in the above-entitled matter and make this declaration with personal and first-hand knowledge of the facts and if called upon as a witness I competently could and would do so.

2. On November 1, 2012, I filed the Small Claims Division of the Los Angeles Superior Court, Case No. 12M10353 ("state court action") which hearing on the matter was set for December 13, 2012 at 5:30 p.m. in Department 070 of the Los Angeles Superior Court located at 110 N. Grand Avenue, Los Angeles, CA 90012.

3. Subsequent to the filing of my complaint, I caused to be properly served all five named Defendants in the state court action by way of certified mail, return receipts requested to addresses outside of California and as provided for by law.

4. On November 29, 2012, Defendants filed a Notice of Removal of the state court action to District Court, Case No. CV12-10213 (District Court Action) and was ordered by this court on December 4, 2012, to substitute in and ordered to answer or respond to the complaint on or before February 4, 2013. The Court ordered that Defendant prepare and file an answer or respond to Plaintiff's complaint within 60 days from December 4, 2012, which was due February 4, 2013.

5. Defendant has not filed a qualified answer to my complaint or response and therefore, for all the reasons stated above in the above memorandum of points and authorities, this motion to dismiss should be denied and this case remanded back to state court.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 7th day of March, 2013, at Pasadena, California.

_____
D. Sidney Potter, Declarant

EXHIBIT A

Search Results - Yahoo! Mail                                                                                        Page 1 of 1

Case 2:12-cv-10213-PSG-E   Document 12   Filed 03/08/13   Page 9 of 14   Page ID #:155

Hi, Sidney    Newest version of Y! Mail    Make Y! My Homepage                Mail    My Y!    Yahoo! Help

Search                                    Search Web

**Mail Plus**   Contacts   Calendar   Notepad            **What's New?**   **Mobile Mail**   **Options**

Check Mail   New ▾           Daniel.Layton@usdoj.gov            Mail Search Get the newest Yahoo! Mail

**Refine Results**           Search Results  1 - 5 of 5 messages for **Daniel.Layton@usdoj.gov**

**Sender**                  Message View |   Photo View |   Attachment View        First | Previous | Next | Last
D. Sidney Potter (4)
Layton, Daniel (USACAC) (1)   Delete   Spam   Mark ▾   Move... ▾

**Folders**                         From              Subject                    Date              Folder
Sent (4)
Inbox (1)                           D. Sidney P...    RE: CV12-1-21 (Ex Parte)   Thu, 1/17/13      Sent
                                    ...dsidneypotter@yahoo.com> wrote: From: D. Sidney Potter <dsidn...
**Dates**
2013 (4)                            D. Sidney P...    RE: CV12-1-21              Thu, 1/17/13      Sent
2012 (1)
                                    --- On Wed, 1/2/13, Layton, Daniel (USACAC) <**Daniel.Layton@us**...
**Message Status**
Unflagged (5)                       D. Sidney P...    RE: CV12-1-21              Thu, 1/17/13      Sent
Read (5)
                                    --- On Wed, 1/2/13, Layton, Daniel (USACAC) <**Daniel.Layton@us**...

Advanced Search                     Layton, Dani...   RE: CV12-1-21              Wed, 1/2/13       Inbox
Search Tips
                                    ...Federal Building 300 North Los Angeles Street Los Angeles, CA 9...

                                    D. Sidney P...    CV12-1-21                  Sun, 12/30/12     Sent
**Chat & Mobile Text**
I am   Offline                      Daniel - Set the case for trail. As an alternative, kindly advise the co...

                              Check All - Clear All                                   First | Previous | Next | Last

                                  Delete   Spam   Mark ▾   Move... ▾

                                                                                                    Hide snippets

Check Mail   New ▾           Daniel.Layton@usdoj.gov             Mail Search

Copyright © 1994-2013 Yahoo! Inc. All rights reserved. Terms of Service - Copyright/IP Policy - Guidelines
NOTICE: We collect personal information on this site.
To learn more about how we use your information, see our Privacy Policy - About Our Ads.



**RE: CV12-1-21**   Wednesday, January 2, 2013 11:22 AM

From: "Layton, Daniel (USACAC)" <Daniel.Layton@usdoj.gov>
To: "D. Sidney Potter" <dsidneypotter@yahoo.com>
1 File (41KB)



Potter.Sti...

Mr. Potter,

Thank you for your email. As I stated in my letter dated December 21, 2012, based on your claim filed in small claims court and the circumstances surrounding that claim, you are disputing proposed tax assessments. You were sent a statutory notice of deficiency by the IRS, upon which you have a limited time to petition to Tax Court as stated in that notice. Based on this, the proper court for your dispute is U.S. Tax Court, not small claims court or the U.S. District Court. The United States is moving to dismiss the case, so it will not be set for trial in the district court.

I am attaching a stipulation to dismiss the district court case so that you may avoid spending unnecessary time responding to our motion to dismiss. If you do not intend to stipulate, I have tentatively set a phone conference for January 15, 2013, at 4:00 p.m. to discuss the United States' motion to dismiss. This conference is required pursuant to the Local Rules of the District Court. Please either send the executed stipulation or confirm this conference.

Thank you.

Daniel Layton
Assistant US Attorney
Tax Division
300 N. Los Angeles St., Suite 7211
Los Angeles, CA 90012
(213) 894-6165
Fax: (213) 894-0115


From: D. Sidney Potter [mailto:dsidneypotter@yahoo.com]
Sent: Sunday, December 30, 2012 11:14 PM
To: Layton, Daniel (USACAC)
Subject: CV12-1-21

Daniel –

Set the case for trail. As an alternative, kindly advise the court you think would be the correct jurisdiction.

Sidney Potter

RE: CV12-1-21 - Yahoo! Mail            Page 1 of 2

Case 2:12-cv-10213-PSG-E   Document 12   Filed 03/08/13   Page 11 of 14   Page ID #:157



**RE: CV12-1-21**            Thursday, January 17, 2013 3:09 PM

From: "D. Sidney Potter" <dsidneypotter@yahoo.com>
To: "Daniel (USACAC)Layton" <Daniel.Layton@usdoj.gov>

--- On **Wed, 1/2/13, Layton, Daniel (USACAC)** *<Daniel.Layton@usdoj.gov>* wrote:

> From: Layton, Daniel (USACAC) <Daniel.Layton@usdoj.gov>
> Subject: RE: CV12-1-21
> To: "D. Sidney Potter" <dsidneypotter@yahoo.com>
> Date: Wednesday, January 2, 2013, 11:22 AM
>
> Mr. Potter,
>
> Thank you for your email. As I stated in my letter dated December 21, 2012, based on your claim filed in small claims court and the circumstances surrounding that claim, you are disputing proposed tax assessments. You were sent a statutory notice of deficiency by the IRS, upon which you have a limited time to petition to Tax Court as stated in that notice. Based on this, the proper court for your dispute is U.S. Tax Court, not small claims court or the U.S. District Court. The United States is moving to dismiss the case, so it will not be set for trial in the district court.
>
> I am attaching a stipulation to dismiss the district court case so that you may avoid spending unnecessary time responding to our motion to dismiss. If you do not intend to stipulate, I have tentatively set a phone conference for January 15, 2013, at 4:00 p.m. to discuss the United States' motion to dismiss. This conference is required pursuant to the Local Rules of the District Court. Please either send the executed stipulation or confirm this conference.
>
> Thank you.
>
> Daniel Layton
> Assistant US Attorney
> Tax Division
> 300 N. Los Angeles St., Suite 7211
> Los Angeles, CA 90012
> (213) 894-6165
> Fax: (213) 894-0115
>
> **From:** D. Sidney Potter [mailto:dsidneypotter@yahoo.com]
> **Sent:** Sunday, December 30, 2012 11:14 PM
> **To:** Layton, Daniel (USACAC)
> **Subject:** CV12-1-21
>
> Daniel –



**RE: CV12-1-21**                                            Thursday, January 17, 2013 3:09 PM

From: "D. Sidney Potter" <dsidneypotter@yahoo.com>
To: " Daniel (USACAC)Layton" <Daniel.Layton@usdoj.gov>

--- On **Wed, 1/2/13, Layton, Daniel (USACAC)** *<Daniel.Layton@usdoj.gov>* wrote:

> From: Layton, Daniel (USACAC) <Daniel.Layton@usdoj.gov>
> Subject: RE: CV12-1-21
> To: "D. Sidney Potter" <dsidneypotter@yahoo.com>
> Date: Wednesday, January 2, 2013, 11:22 AM
>
> Mr. Potter,
>
> Thank you for your email. As I stated in my letter dated December 21, 2012, based on your claim filed in small claims court and the circumstances surrounding that claim, you are disputing proposed tax assessments. You were sent a statutory notice of deficiency by the IRS, upon which you have a limited time to petition to Tax Court as stated in that notice. Based on this, the proper court for your dispute is U.S. Tax Court, not small claims court or the U.S. District Court. The United States is moving to dismiss the case, so it will not be set for trial in the district court.
>
> I am attaching a stipulation to dismiss the district court case so that you may avoid spending unnecessary time responding to our motion to dismiss. If you do not intend to stipulate, I have tentatively set a phone conference for January 15, 2013, at 4:00 p.m. to discuss the United States' motion to dismiss. This conference is required pursuant to the Local Rules of the District Court. Please either send the executed stipulation or confirm this conference.
>
> Thank you.
>
> Daniel Layton
> Assistant US Attorney
> Tax Division
> 300 N. Los Angeles St., Suite 7211
> Los Angeles, CA 90012
> (213) 894-6165
> Fax: (213) 894-0115
>
> **From:** D. Sidney Potter [mailto:dsidneypotter@yahoo.com]
> **Sent:** Sunday, December 30, 2012 11:14 PM
> **To:** Layton, Daniel (USACAC)
> **Subject:** CV12-1-21
>
> Daniel –



**RE: CV12-1-21 (Ex Parte)**                                          Thursday, January 17, 2013 3:25 PM
From: "D. Sidney Potter" <dsidneypotter@yahoo.com>
To: "Daniel (USACAC)Layton" <Daniel.Layton@usdoj.gov>

Daniel -

Be certain to give me notification on the hearing to dismiss the case, and/or the ex parte application.

Sidney Potter

--- On **Thu, 1/17/13, D. Sidney Potter** *<dsidneypotter@yahoo.com>* wrote:

> From: D. Sidney Potter <dsidneypotter@yahoo.com>
> Subject: RE: CV12-1-21
> To: " Daniel (USACAC)Layton" <Daniel.Layton@usdoj.gov>
> Date: Thursday, January 17, 2013, 3:09 PM

--- On **Wed, 1/2/13, Layton, Daniel (USACAC)** *<Daniel.Layton@usdoj.gov>* wrote:

> From: Layton, Daniel (USACAC) <Daniel.Layton@usdoj.gov>
> Subject: RE: CV12-1-21
> To: "D. Sidney Potter" <dsidneypotter@yahoo.com>
> Date: Wednesday, January 2, 2013, 11:22 AM
>
> Mr. Potter,
>
> Thank you for your email. As I stated in my letter dated December 21, 2012, based on your claim filed in small claims court and the circumstances surrounding that claim, you are disputing proposed tax assessments. You were sent a statutory notice of deficiency by the IRS, upon which you have a limited time to petition to Tax Court as stated in that notice. Based on this, the proper court for your dispute is U.S. Tax Court, not small claims court or the U.S. District Court. The United States is moving to dismiss the case, so it will not be set for trial in the district court.
>
> I am attaching a stipulation to dismiss the district court case so that you may avoid spending unnecessary time responding to our motion to dismiss. If you do not intend to stipulate, I have tentatively set a phone conference for January 15, 2013, at 4:00 p.m. to discuss the United States' motion to dismiss. This conference is required pursuant to the Local Rules of the District Court. Please either send the executed stipulation or confirm this conference.
>
> Thank you.

CV12-1-21 - Yahoo! Mail                                                        Page 1 of 1

Case 2:12-cv-10213-PSG-E   Document 12   Filed 03/08/13   Page 14 of 14   Page ID #:160



**CV12-1-21**                                                    Sunday, December 30, 2012 11:13 PM

From: "D. Sidney Potter" <dsidneypotter@yahoo.com>
To: daniel.layton@usdoj.gov

Daniel --

Set the case for trail. As an alternative, kindly advise the court you think would be the correct jurisdiction.

Sidney Potter